IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3018 |
| | ) | |
| v. | ) | |
| | ) | |
| DORIS JEAN WILLIAMS, | ) | TENTATIVE FINDINGS ON OBJECTIONS |
| | ) | TO REVISED PRESENTENCE |
| Defendants. | ) | INVESTIGATION REPORT |
| | ) | |

  Both the government and the defendant have objected to paragraphs 14 and 23. Paragraph 14 declares that the defendant is responsible for 80 grams of crack cocaine and says that there is not enough evidence to support a role reduction or upward adjustment.  Paragraph 23 says that there is no indication that the defendant was a minor or a minimal participant, so concludes that a role adjustment is not warranted.  The government's objection says, "As for her role both defendants cooperated and Williams was a mule for the crack and was doing so to support her habit.  The drugs were from California and they were going to Detroit."  The probation officer's response to that is that "The probation officer does not have enough information indicating the defendant was less culpable than the codefendant, and therefore, no evidence to support a role reduction."

  The Plea Agreement, filing 39, at paragraph 7b says "The parties agree that the Defendant's offense level should be decreased by two role levels because of the Defendant's minor participation in the offense of conviction, pursuant to U.S.S.G. § 3B1.2."  I also have studied the file of the codefendant, Lawrence Wesley Jenkins, Sr., a/k/a Melvin Lee Bourne.  I think there is a good basis for the provision in paragraph 7b of the Plea Agreement that the defendant's participation was minor, that is, "a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal."

  The defendant also objects to paragraphs 30, 31, 32, 35, and 37.  The defendant argues that "Because the sentences were imposed more than 10 years prior to commencement to the instant offense conduct, criminal history points should not be assessed.  Paragraphs should be

adjusted accordingly." I agree with the probation officer's response that, although the sentences in paragraphs 30 and 31 were imposed more than 10 years before the commencement of the instant offense conduct, the revocation of the probation in each of the sentences was less than 10 years before the commencement of the instant offense. Hence, pursuant to U.S.S.G. §§ 4A1.2(e)(2) and 4A1.1(c), the assessment of one criminal history point for each conviction is warranted. As to paragraph 32, the sentence was imposed on March 16, 1998, and is within the ten-year requirement. The objections as to paragraphs 30, 31, 32, 35, and 37 are tentatively denied.

Paragraphs 35 and 37 relate to the prior convictions in paragraphs 30, 31, and 32. The 8 criminal history points result in a criminal history category IV.

The objections of the government and of the defendant to paragraphs 14 and 23 are granted, whereby a reduction of two levels should be made for the defendant's role in the offense, bringing the total offense level of 25 and a criminal history category of IV, suggesting a guideline sentence of 84 to 105 months.

The defendant also has objected to paragraph 34. In the absence of "receipt of documentary evidence establishing this conviction relates to this defendant and that she was represented by or waived counsel." The probation officer has said in her response that court documentation for the conviction is available for review. I am assuming such court documentation will be reviewed by the defense counsel and, if that not be the case, I shall await the sentencing hearing before resolving any remaining dispute about it.

Objections may be made to these tentative findings at the time of sentencing, but no further evidence, except for possible need of documentation of the conviction in paragraph 34.

Dated July 31, 2008.

                          BY THE COURT

                          s/ Warren K. Urbom
                          United States Senior District Judge